# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAVID A. DAY,
      Plaintiff,

    v.                                          Case No. 11-C-0174

JEFFREY S. HUGHES, MICHAEL BERTLING,
and McLARIO, HELM & BERTLING SC,
      Defendants,

## ORDER

Plaintiff, David A. Day, who is incarcerated at Waupun Correctional Institution, has filed a pro se civil complaint. This matter comes before me on plaintiff's motion for leave to proceed in forma pauperis and for screening of plaintiff's complaint.

If a prisoner does not have the money to prepay the $350 filing fee, he can request leave to proceed in forma pauperis. Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $35.26. I will grant his motion.

I am required to screen complaints brought by parties proceeding in forma pauperis. 28 U.S.C. § 1915(e)(2). I must dismiss a complaint or portion thereof if the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(b).

Plaintiff brings a legal malpractice claim against his Wisconsin attorneys. He alleges that his trial counsel provided ineffective assistance by withholding critical evidence from the police, introducing illegal evidence at trial, failing to investigate a possible conspiracy, and refusing to object to the prosecutor's comments during trial. He also alleges that partners in his attorney's law firm conspired to cover up the malfeasance. He has not, however, provided any basis for federal subject matter jurisdiction. He has not identified any federal question raised by his claims. Indeed, plaintiff specifically acknowledges that he is not suing under 42 U.S.C. § 1983 to vindicate his civil rights. Furthermore, all of the parties reside in Wisconsin, leading me to conclude that there is no diversity of citizenship. 28 U.S.C. § 1332(a). Accordingly, this case must be dismissed for lack of jurisdiction. Therefore,

**IT IS ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket #2) **is GRANTED**.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $314.74 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Milwaukee, Wisconsin, this 13th day of April, 2011.

/s
LYNN ADELMAN
District Judge